IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Donna Pearson, ) | Case No. 7:17-cv-1869-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| City of Woodruff, Officer Brian Knighton, ) | |
| Officer Robert Castillo, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on Defendants' Motion for Summary Judgment. ECF No. 28. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report").

Plaintiff filed this action in the Spartanburg County Court of Common Pleas. ECF No. 1. Defendants filed a timely notice of removal. On June 4, 2018, Defendants filed a Motion for Summary Judgment. ECF No. 28. Plaintiff filed a Response in Opposition, and Defendants filed a Reply. ECF Nos. 31, 35. On October 3, 2018, the Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted. ECF No. 44. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff, through counsel, filed objections to the Report. ECF No. 45.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, Plaintiff states that she is not objecting to the Magistrate Judge's recommendation that summary judgment be granted with respect to her claims that the local ordinance is unconstitutional and that Defendants violated her Second Amendment rights. ECF No. 45 at 1. After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge with respect to these claims.

The Magistrate Judge also recommends granting summary judgment with respect to Plaintiff's claims that her Fourth Amendment rights were violated and for malicious prosecution. The Magistrate Judge determined that Defendants Knighton and Castillo are entitled to qualified immunity with respect to Plaintiff's Fourth Amendment claims

2

because it was reasonable for these Defendants to believe they had probable cause to arrest her. The Magistrate Judge found that Plaintiff's claim for malicious prosecution also fails because it was reasonable for Knighton to believe that he had probable cause to arrest her. In making her recommendation, the Magistrate Judge cites two cases for the proposition that a witness's statement can be sufficient evidence to establish probable cause.

In her objections, Plaintiff asserts that probable cause is dispositive with respect to her Fourth Amendment claims and her malicious prosecution claim. Plaintiff argues that a genuine issue of material fact exists with respect to whether there was probable cause to arrest her. She contends that the cases cited by the Magistrate Judge are distinguishable from the present action and that the evidence called into question the reliability of the victim. The Court begins with a discussion of the relevant caselaw.

Plaintiff argues that there was more support for probable cause in *Torchinsky v. Siwinski*, 942 F.2d 257 (4th Cir. 1991), than a bare statement by the victim. Significantly, Plaintiff argues that a neutral magistrate issued the arrest warrant. The Court agrees that an arrest warrant issued by a neutral magistrate is compelling evidence of probable cause; however, the Court disagrees with Plaintiff's argument that the officer in *Torchinsky* appeared to rely on more concrete proof in making his arrest. The victim in *Torchinsky* was hospitalized and experienced drowsiness during an interview with the officer. The victim also changed his story throughout the officer's interviews with him. Initially, he gave conflicting stories about how he was injured; then stated it was Mr.

Torchinsky who assaulted him; then stated it was Mr. Torchinsky and his wife; then, after their arrest, stated it was not the Torchinskys who attacked him.

In the present action, the witness identified Plaintiff to Knighton and Castillo at the scene. Moreover, as in *Torchinsky*, the evidence available to Knighton and Castillo supported the witness's statement. The presence of boards with nails through them that Plaintiff admitted to placing near her home and the fact that she stated that she told officers that she had been on her porch with a BB gun in her lap during the argument supported the witness's statement.[1]

Plaintiff also argues that *United States v. Beckham*, 325 F.Supp.2d 678 (E.D. Va. 2004), is distinguishable from the present action. Plaintiff contends that *Beckham* stands for the proposition that where information would lead an arresting officer to be suspicious of a statement, further investigation is required. Plaintiff asserts that the fact that she and the witness were engaged in an ongoing dispute and the boards by the roadway could have easily corroborated her story that she was protecting her property from destruction by the construction crew.

While it is possible that the evidence at the scene may have also supported Plaintiff's version of events, this does not change the fact that a victim's statement may constitute sufficient probable cause unless there is an apparent reason for the officer to believe that the victim is lying. *See Beckham*, 325 F. Supp. 2d at 687 ("Because of this

---

[1] The *Torchinshy* court also acknowledged that obtaining an arrest warrant is not per se evidence of objective reasonableness because it is possible that a well-trained officer would know that that his application failed to establish probable cause and that he should not have applied for the warrant.

4

sensible principle, '[a]n eyewitness identification will constitute sufficient probable cause unless, at the time of the arrest, there is an apparent reason for the officer to believe that the eyewitness was lying, did not accurately describe what he had seen, or was in some fashion mistaken regarding his recollection of the confrontation.'" (citation omitted)); *see also Torchinsky*, 942 F.2d at 262 ("It is surely reasonable for a police officer to base his belief in probable cause on a victim's reliable identification of his attacker.").

Moreover, reasonable officers need not "resolve every doubt about a suspect's guilt before probable cause is established." *Torchinsky*, 942 F.2d at 264. Rather, in order to "prove an absence of probable cause, [a plaintiff] must allege a set of facts which made it unjustifiable for a reasonable officer to conclude" that a criminal offense has been committed. *Brown v. Gilmore*, 278 F.3d 362, 368 (4th Cir. 2002). Plaintiff has failed to do that here. Based on the evidence at the scene, it was reasonable for Knighton to believe that the victim was telling the truth; thus, there existed probable cause to support Plaintiff's arrest. Plaintiff's objections are overruled.

## **CONCLUSION**

Accordingly, the Court adopts the recommendation of the Magistrate Judge. Defendants' Motion for Summary Judgment is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

February 14, 2019
Spartanburg, South Carolina

5